## William Skakel v. The People, etc.

1. APPELLATE COURT JURISDICTION—*Constitutional Questions.*—The Appellate Court has no jurisdiction of questions involving the validity of a statute or the proper construction of a constitutional provision.

Error to the Criminal Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in this court at the March term, 1899. Dismissed for want of jurisdiction. Opinion filed February 5, 1900.

W. A. FOSTER, attorney for plaintiff in error.

CHARLES S. DENEEN, State's Attorney, for defendant in error; A. C. BARNES, Assistant State's Attorney, of counsel.

MR. JUSTICE ADAMS delivered the opinion of the court.

At the July term, 1897, of the Criminal Court of Cook County, plaintiff in error was indicted for operating a tape machine, in violation of section 1 of an act in force June 21, 1895. 1 S. & C.'s Stat., Crim. Code, par. 266. At the same term he was admitted to bail. At each of the July, August, September and October terms, 1898, he appeared

Skakel v. The People.

in court on the first day of the term, in person and by his attorney, and demanded a trial, which was not granted. Plaintiff in error was tried and convicted at the November term, 1898, of the court. Before the trial commenced he filed a plea which his counsel calls a plea in abatement, which is, in effect, a motion for his discharge on account of delay in bringing him to trial, and which the court overruled. He has assigned as error the overruling of this plea or motion, and also the refusal of the court to discharge him at the November term, 1898. The statute in relation to the trial of persons indicted for criminal offenses and admitted to bail, is as follows :

" If any such person shall have been admitted to bail for an alleged offense other than a capital offense, he shall be entitled, on demand, to be tried at some term commencing within four months after he has been admitted to bail, if there is a term of court within that time at which he may be tried; if not, then at the first term after the expiration of said four months; *Provided*, that if the court shall be satisfied that due exertions have been made to procure the evidence on behalf of the people, and that there is reasonable ground to believe such evidence may be procured at the next term or at some term to commence within seventy days thereafter, the court may continue the cause to such term."

Counsel for plaintiff in error contends that this statute is unconstitutional, in that it is contrary to the provision of the Constitution declaring the right of one accused of a criminal offense to a " speedy public trial." The question of the proper construction of this provision of the Constitution is argued by counsel for plaintiff in error. The question of the validity of the statute and also the question of the proper construction of the constitutional provision referred to, are also argued by counsel for the people. These questions being involved, and we being without jurisdiction to consider and decide them, the writ of error will be dismissed. Writ of error dismissed for want of jurisdiction.